UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KRAIG SMITH,<br><br>               Plaintiff,<br>v.<br><br>NYE COUNTY DETENTION CENTER, et al.,<br><br>               Defendants. | Case No. 2:16-cv-01999-RFB-PAL<br><br>**ORDER**<br><br>(Mots. Appoint Counsel – ECF Nos. 25, 27;<br>Mot. Ext. Time – ECF No. 26;<br>Mot. Evidentiary H'rg – ECF No. 28;<br>Mot. Produce Exhibits – ECF No. 29) |

This matter is before the court on Plaintiff Kraig Smith's Motions for Appointment of Counsel (ECF Nos. 25, 27), Motion to Extend Time (ECF No. 26), Motion for Evidentiary Hearing (ECF No. 28), and Motion to Produce Exhibits (ECF No. 29). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**BACKGROUND**

Mr. Smith is a pro se prisoner in the custody of the Nevada Department of Corrections. He has received permission to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice. This case is brought pursuant to 28 U.S.C. § 1983, and based on allegations regarding his treatment while he was incarcerated at the Nye County Detention Center. Upon review of the Complaint (ECF No. 14), the court determined that it stated a plausible claim for deliberate indifference to serious medical need in violation of the Eighth Amendment. *See* Sept. 26, 2017 Screening Order (ECF No. 13). The court directed issuance of summonses for defendants Wehrly, Mean, Boruchowitz, Gray, Arms, Jensen, Hill, Lacosio, Pike, Burk, McKillips, Huntley, and Cleveland. Following service, ECF Nos. 18, 19, defendants filed their Answers (ECF Nos. 21, 22) on January 3, 2018.[1]

---

[1] Summons were returned unexecuted for Burk and Lacosio, *see* ECF No. 17; however, these defendants are represented by counsel and they answered the complaint along with along with 10 other co-defendants.

1

On February 9, 2018, the court entered a Scheduling Order (ECF No. 31) directing that discovery be completed by May 25, 2018. *Id*. ¶ 3(a). The Scheduling Order also provided deadlines to: (i) amend pleadings or join additional parties, April 10, 2018; (ii) file discovery motions, May 25, 2018; and (iii) file dispositive motions, June 25, 2018. *See id*. ¶¶ 1–3.

**DISCUSSION**

I. **MOTIONS FOR APPOINTMENT OF COUNSEL (ECF NOS. 25, 27)**

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). Pursuant to 28 U.S.C. § 1915(e)(1), the court may ask an attorney to represent an IFP litigant. *Id*. This statute does not require that the court appoint counsel or authorize the court to direct payment for a litigant's attorney's fees, it merely allows the court to request that an attorney represent an indigent litigant on a pro bono basis. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 304–05 (1989); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 798–804 (9th Cir. 1986).

The appointment of counsel is limited to cases presenting exceptional circumstances. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The word "exceptional" is defined as "out of the ordinary course, unusual," or "rare." *See* Oxford English Dictionary (Oxford Univ. Press 2015). In deciding whether to appoint counsel, the court should consider: (1) the likelihood of success of the pro se party's claims on the merits, and (2) the ability of the party to articulate claims pro se in light of the complexity of the legal issues involved. *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (finding that neither factor is controlling).

Here, Mr. Smith's motions ask the court to appoint counsel because he is confused and needs legal help. He provides no other reasons to justify his multiple requests.[2] The motions do

---

[2] Smith's motions (ECF Nos. 25, 26, 27, 28, 29) contain duplicate requests for counsel. The court cautions Mr. Smith that filing multiple motions requesting the same form of relief is an abusive litigation tactic that taxes the resources of the court and all of the parties to this lawsuit. Rule 11 of the Federal Rules of Civil Procedure provides that sanctions may be imposed on an unrepresented party who signs a paper that is either filed with the court for an improper purpose or is frivolous. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co*., 981 F.2d 429, 439 (9th Cir. 1992) (citing *Townsend v. Holman Consulting Corp*., 929 F.3d 1358, 1362 (9th Cir. 1990) (en banc)). Once a motion is filed, filing a duplicate motion will not speed

not establish exceptional circumstances to justify the appointment of counsel. Smith's Complaint states a colorable conditions of confinement claim against 13 defendants. Based on the record, the court is unable to assess the likelihood of success of his claim on its merits. However, the court finds that the facts alleged and legal issues raised are not especially complex. Since commencing this action, Mr. Smith has submitted numerous motions to the court. He has demonstrated sufficient ability to write and articulate his claims. The court appreciates that almost every pro se party would benefit from representation by counsel. However, the court cannot require counsel to accept representation on a pro bono basis, and the number of attorneys available to accept a pro bono appointment is very small. The motions are denied.

## II.     MR. SMITH'S REMAINING MOTIONS

Mr. Smith filed the Motion to Extend Time (ECF No. 26), Motion for Evidentiary Hearing (ECF No. 28) and Motion to Produce Exhibits (ECF No. 29) on January 25 and 26, 2018. Each of these motions are addressed to the Clerk of the Court. He repeatedly asks the clerk to keep him posted of the case developments. The clerk's office will notify parties as soon as any action is taken in his or her case. However, due to the extraordinary number of civil actions pending before the court, the clerk is unable to respond in writing to individual inquiries regarding the status of each case. As long as a plaintiff keeps the court apprised of his or her current address, the clerk's office will promptly mail him or her a copy of all court decisions and any other filings that might affect the status of the case. The Local Rules require that parties immediately file with the court written notification of any change of address or other contact information. LR IA 3-1; LSR 2-2.[3] The court will notify a plaintiff if he or she has not submitted a document required in the case.

In addition, Mr. Smith asks for a 60 to 90-day enlargement of time to amend his complaint. This request for extension of time was made on January 19, 2018, three weeks before the court

---

up the court's review of a movant's request since motions are generally addressed in the order which they were filed. To the contrary, filing duplicate motions increases the court's workload and generally delays decision while a new round of response and reply deadlines run. Mr. Smith is warned that filing new motions asking for that has already been requested or making frivolous, unsupported requests may result in the imposition of sanctions, including dismissal of this case.

[3] The Local Rules further warn that a failure to comply "may result in dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." LR IA 3-1.

3

entered the Scheduling Order (ECF No. 31) setting various deadlines in this case. The Scheduling Order gives the parties until April 10, 2018, to amend the pleadings or join additional parties. Accordingly, the Motion to Extend Time (ECF No. 26) is denied as moot.

The court also notes that none of Mr. Smith's motions include a memorandum of points and authorities as required by LR 7-2(a) of the Local Rules of Practice. The Motion to Produce Exhibits (ECF No. 29) states that Smith sent a copy of his exhibits to defense counsel and the clerk's office. He states that he is enclosing a copy of his letter to defense counsel with his motion along with almost 40 pages of "exhibits," which appear to be copies of defendants' answer, Smith's complaint, a letter to one defendant, a letter to an attorney asking for representation, and two witness statements. He requests no specific relief with regard to such exhibits. Pursuant to LR 26-8 of the Local Rules of Practice, written discovery must not be filed with the court, unless the court specifically instructs the parties to do so. LR 26-8, LR IC 1-1(c)(12). Any discovery documents filed on the court's docket in violation of the Local Rules may be stricken.

The court understands that it is difficult for pro se parties to litigate their claims. However, to prosecute his case, Mr. Smith must familiarize himself with the Federal Rules of Civil Procedure, the Local Rules of Practice and the substantive law applicable to his claims. He is advised to carefully review the discovery rules contained in Rules 26–36 of the Federal Rules of Civil Procedure and the Local Rules of Practice to ensure he follows the appropriate procedures. The motions are denied.

### III. AMENDED COMPLAINT (ECF NO. 30)

Smith filed an Amended Complaint (ECF No. 30) on February 5, 2018, without obtaining leave of the court or defendants' consent to the amendment. A party may amend a pleading once "as a matter of course" within 21 days after serving it or within 21 days after service of a Rule 12 motion, whichever occurs earlier. Fed. R. Civ. P. 15(a)(1). After the time for amendment as a matter of course has expired, plaintiffs may amend a complaint only by obtaining the court's permission or the adverse party's written consent. Fed. R. Civ. P. 15(a)(2). If a plaintiff files his or her amended complaint without leave of court as required under Rule 15, it has no legal effect. *Ritzer v. Gerovicap Pharm. Corp.*, 162 F.R.D. 642, 644 (D. Nev. 1995) (finding that amended

complaint had no legal effect because plaintiff improperly filed the amendment).

In this case, defendants were served on November 27 and 29, 2017. *See* Summons Returned Executed (ECF Nos. 18, 19). Defendants filed Answers (ECF Nos. 21, 22) on January 3, 2018. Thus, time had expired for Mr. Smith to file an amended complaint without obtaining the court's permission, or defendants' written consent. Mr. Smith did not file a motion requesting leave of the court to amend the complaint. The record does not indicate that defendants consented to the amendment. Thus, the court will strike the Amended Complaint from the record.

In addition, the court notes that the Amended Complaint was not submitted on the form complaint for civil rights actions but was written on lined paper. The Local Rules of Practice state that pro se civil rights complaints "must be submitted *on the form provided by this court.*" LSR 2-1 (emphasis added). The Amended Complaint violated this rule. The court has approved a nine-page form complaint to assist pro se plaintiffs in pleading civil rights violations. *See* Information & Instructions for Filing Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 in the United States District Court, District of Nevada.[4] If extra space is needed, the instructions state that up to two additional pages may be attached for a total of 11 pages. Additionally, exhibits are not a substitute for a proper complaint. Instead, plaintiffs should summarize the information they believe are relevant as part of the supporting facts for each claim asserted.

If Smith still wishes to amend his complaint, he must seek defendants' consent through their counsel, or file an appropriate motion attaching the proposed amended complaint to the motion. *See* LR 15-1(a). An amended complaint must be complete in itself without reference to any prior pleading (*i.e.*, the original complaint) to make the amended complaint complete. *Id*. This is because, as a general rule, an amended complaint replaces the original complaint. *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing

---

[4] The civil rights complaint form and instructions are also available for download on the court's website at nvd.uscourts.gov/Forms.

party to defend itself effectively"); *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995) (a complaint should identify which factual allegations give rise to each particular claim and clearly indicate which claims apply to which defendant). When considering a motion to amend an IFP complaint, the court is required to screen the proposed amended complaint to determine whether it states plausible claim(s) before it will direct summonses to be issued to any new defendants and requiring a response. 28 U.S.C. §§ 1915, 1915A; 42 U.S.C. § 1997e (Prison Litigation Reform Act of 1995 (PLRA)); *Jones v. Bock*, 549 U.S. 199, 213–14 (2007).[5]

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Kraig Smith's Motions for Appointment of Counsel (ECF Nos. 25, 27), Motion to Extend Time (ECF No. 26), Motion for Evidentiary Hearing (ECF No. 28), and Motion to Produce Exhibits (ECF No. 29) are **DENIED**.

2. The Clerk of the Court shall STRIKE the Amended Complaint (ECF No. 30).

3. The Clerk of the Court shall MAIL Mr. Smith one blank form complaint for § 1983 civil rights actions along with the instructions for completing the form, and one copy each of the Complaint (ECF No. 14), the Screening Order (ECF No. 13), and the stricken Amended Complaint (ECF No. 30).

Dated this 13th day of February, 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

---

[5] The court dismissed Nye County Detention Center with prejudice because it "is an inanimate building, not a person or entity subject to liability" and amendment would be futile. Screening Order (ECF No. 14) at 4 n.1. This means *no claim* can be pursued against the Nye County Detention Center as a matter of law. The Amended Complaint attempted to reinstate the Nye County Detention Center ("NCDC") and add the Nye County Sheriff's Office and NCDC "Medical Dept." as defendants. A public agency is not a person or entity subject to suit unless that agency is a separate legal entity. *Hervey v. Estes*, 65 F.3d 784, 791–92 (9th Cir. 1995). In Nevada, only "political subdivisions" of the state are independent legal entities that can sue or be sued. *Clark County v. Lewis*, 498 P.2d 363, 365 (Nev. 1972); NRS 41.031(2). The NCDC, Nye County Sheriff's Office, and NCDC "Medical Dept." are a building, an office, and a department of a county—not independent legal entities. NRS 41.0305. Thus, the NCDC, Nye County Sheriff's Office, and NCDC "Medical Dept." <u>cannot be sued in their own names</u>. *Wayment v. Holmes*, 912 P.2d 816, 819–20 (Nev. 1996); *Wright v. City of Las Vegas*, 395 F. Supp. 2d 789, 794 (S.D. Iowa 2005) ("In Nevada, political subdivisions may be sued; departments of political subdivisions may not." (citing NRS 41.031(1), (2)).