1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

7    KRAIG SMITH,                                            Case No. 2:16-cv-01999-RFB-PAL

8                Plaintiff,                                          ORDER

9        v.

10   NYE COUNTY DETENTION CENTER, *et al.*,

11               Defendants.

12

### I.    INTRODUCTION

Before the Court is Plaintiff Kraig Smith's Motion for Reconsideration and Motions to Produce Transcripts. (ECF Nos. 62, 58, 59, 64, 65, 68). For the following reasons, the Court denies all the motions.

### II.    PROCEDURAL BACKGROUND

Plaintiff sued Defendants on August 22, 2016. ECF No. 1.  After Plaintiff was granted leave to proceed *in forma pauperis*, the Court issued a Screening Order that allowed Plaintiff's first, second, and third claims to proceed as a single claim against Defendants for deliberate indifference to a serious medical need.  ECF No. 13.  Defendants moved for summary judgment. ECF No. 41.  The Court held a hearing on the motion on January 3, 2019.  ECF No. 52. On February 11, 2019, the Court issued its Order granting summary judgment to Defendants. ECF No. 56. Plaintiff moved for reconsideration of the Court's order on March 26, 2019. ECF No. 62. A response was filed. ECF No.63.

### III.    LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure allows parties to move to alter or amend a judgment within twenty-eight days of entry of the judgment. Fed. R. Civ. P. 59(e).  Rule

60 of the Federal Rules of Civil Procedure also allows the Court to  relieve a party from a final judgment based on the discovery of new evidence that could not have been discovered in time to move for reconsideration under Rule 59. Fed. R. Civ. P. 60(b)(2). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).  However, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation and citation omitted).  A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id. (internal quotation and citation omitted).  Moreover, "[m]otions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions."  LR 59-1.

## IV.    DISCUSSION

Plaintiff moves the Court to reconsider its order February 11, 2019 order granting summary judgment to Defendants. Defendants argue in opposition both that the motion for reconsideration under Rule 59 is not timely filed, and that Plaintiff does not actually have newly discovered evidence that warrants relief from the judgment under Rule 60. The Court agrees with both conclusions.

Plaintiff filed motions to produce transcripts of the hearing conducted on January 3, 2019. ECF No. 53. Despite the Court's issuance of an order granting the motion for the transcript of the January 3, 2019 hearing, Plaintiff apparently did not receive the requested transcript. ECF No. 55. Plaintiff then filed a motion requesting an extension of the time necessary to file his motion for

reconsideration based on his failure to receive the requested transcripts. While the Court is sympathetic to Plaintiff's frustration over his inability to receive the hearing transcript in time to timely file his motion for reconsideration, the Court denies the motions to extend time  nunc pro tunc. The Court issued a written order that Plaintiff does not allege he failed to receive. Plaintiff provided the Court with no information as to why the transcript of the January 3, 2019 hearing was necessary to prepare a motion to reconsider the Court's *written order* issued on February 11, 2019. Accordingly, because Plaintiff filed his motion for reconsideration more than twenty-eight days after entry of judgment and the Court finds no good reason to extend the deadline to extend motion, the Court denies Plaintiff's motion for reconsideration under Rule 59.

The Court also denies the motion under Rule 60(b)(2). The crux of Plaintiff's argument seems to be that he should be allowed to reopen discovery in order to find new facts that may support his previously-denied claims. But there was already an open period for discovery in this case. That Plaintiff did not properly take advantage of that period of discovery does not warrant reopening this case. See Panatronic USA v. AT&T Corp., 287 F.3d 840, 845- 46 (9th Cir. 2002) (court does not abuse discretion in failing to reopen discovery if party moving for reopening does not demonstrate diligence in pursuing previous discovery opportunities).

**V.    CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend/Correct Judgment (ECF No. 62) is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motions for Transcripts (ECF No. 58, 65, 68) are DENIED as moot as the Court previously granted this request.

**IT IS FURTHER ORDERED**  that Plaintiff's Motions to Extend Time (ECF Nos.  59 and 64) are denied nunc pro tunc.

DATED: April 30, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**